UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAINEY H. ASCHENBACH, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** <u>1:23cv34</u> LG-BWR |
| | ) | |
| USAA CASUALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## USAA CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant USAA Casualty Insurance Company ("USAA CIC") files this Notice of Removal to remove this civil action from the Circuit Court of Harrison County, Mississippi, where it was filed, to the United States District Court for the Southern District of Mississippi, Southern Division, Gulfport. In support, USAA CIC respectfully shows the Court as follows:

## INTRODUCTION

On January 3, 2023, Plaintiff Lainey H. Aschenbach ("Plaintiff") filed a civil lawsuit against USAA CIC in the Circuit Court of Harrison County, Mississippi, First Judicial District. Plaintiff's claims against USAA CIC arise out of a December 11, 2020 motor vehicle collision, and a subsequent claim for underinsured motorist benefits Plaintiff submitted under an auto insurance policy USAA CIC issued to her mother (the "Policy"). Plaintiff alleges Ashley Broadus was negligently or recklessly operating a vehicle that "violently struck the left rear of the vehicle [Plaintiff] was operating[,] causing significant property damage and personal injury." The Complaint contends as a proximate result of the collision, Plaintiff "sustained back injuries and

has undergone surgical intervention on two separate occasions." Plaintiff claims she entitled to damages for past, present and future medical and rehabilitative expenses; physical and emotional pain and suffering; loss of income; and an impaired ability to function in daily activities. Plaintiff also alleges she was compelled to withdraw from nursing school as a result of her injuries.

According to the Complaint, at the time of the collision Plaintiff was a "covered insured" under the Policy and Broadus was an "underinsured" motorist. Plaintiff alleges she submitted a claim to USAA CIC for underinsured motorist benefits under the Policy, but that USAA CIC failed to conduct a good faith investigation and failed to pay Plaintiff the amount *she* contends is owed. The Complaint seeks a judgment against USAA CIC—the only named defendant—for underinsured motorist benefits in the amount of $375,000, and punitive damages in the amount of $1,500,000.

As discussed below, this Court may exercise diversity jurisdiction over Plaintiff's state-court action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and USAA CIC and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Moreover, all other requirements for removal are satisfied. Accordingly, removal to this Court is proper.

## THE STATE COURT ACTION

1.    On January 3, 2023, Plaintiff Lainey H. Aschenbach ("Plaintiff") filed a Complaint ("Compl.") against USAA CIC in the Circuit Court of Harrison County, Mississippi, First Judicial District, in the civil action styled *Lainey H. Aschenbach v. USAA Casualty Insurance Company*, Cause No. A2401-2023-1 (the "State Court Action"). True and correct copies of all process, pleadings, and orders in the State Court Action are collectively attached hereto as **Exhibit A**.

2.      USAA CIC's registered agent was first served with the Summons and Complaint in the State Court Action on January 9, 2023. Because this Notice of Removal is being filed within thirty (30) days after USAA CIC's receipt of the Complaint, the Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

3.      The United States District Court for the Southern District of Mississippi, Southern Division, Gulfport, is the federal judicial district embracing the Circuit Court of Harrison County, Mississippi, First Judicial District, where the State Court Action was originally filed. Venue is therefore proper under 28 U.S.C. §§ 104(b)(2) and 1441(a).

## THE COURT HAS ORIGINAL DIVERSITY JURISDICTION OVER THE STATE COURT ACTION

4.      "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

5.      Plaintiff is a resident citizen of Gulfport, Harrison County, Mississippi. Ex. A, Complaint ("Compl.") ¶ I. Thus, Plaintiff is a citizen of the State of Mississippi.

6.      USAA CIC is, and at all times relevant to the Complaint was, a corporation organized under the laws of the State of Texas with its principal place of business is in San Antonio, Texas. Accordingly, USAA CIC is a citizen of Texas. *See* 28 U.S.C. § 1332(c)(1) (for

diversity purposes, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where is has its principal place of business.").

7.      Because Plaintiff and USAA CIC are citizens of different states, and because no other parties are relevant to the diversity analysis, complete diversity of citizenship exists between the parties.

## THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM

8.      In addition to establishing diversity of citizenship, a removing party must show "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Where, as here, removal of a civil action is sought on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). *See Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1056 (5th Cir. 2022) (noting 28 U.S.C. §1446(c)(2) "sets a general rule that the sum demanded in good faith in the initial pleading is the amount in controversy.") (internal quotation marks omitted); *Wilbanks v. North American Coal Corp*., 334 F.Supp.2d 921, 923–24 (S.D.Miss.2004) ("In general, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.") (citations omitted).

9.      USAA CIC denies the allegations of Plaintiff's Complaint and denies that it is liable for any damages to Plaintiff. Nonetheless, in evaluating whether diversity jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy." *See* 28 U.S.C. § 1332.

10.     Here, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. According to the Complaint, the

Policy obligated USAA CIC to pay Plaintiff "for damages sustained as a proximate result of the negligence of an underinsured tortfeasor" and "insured multiple vehicles with combined underinsured/uninsured policy limits of $400,000.00." Compl. ¶VI.  Plaintiff alleges USAA CIC breached the contract by offering to pay her an amount to settle her claim that was "substantially less than [Plaintiff's] medical expenses incurred to date" and excluded "past, present and future physical and emotional pain and suffering, future medical [expenses], and future loss of income.". Compl., ¶¶ VI, VII. The Complaint seeks to recover "the full contract sum of $400,000.00 in underinsured [motorist] coverage benefits," less the amount Plaintiff received ($25,000.00) under the liability coverage of Broadus's auto insurance policy. Compl. p. 5. Thus, Plaintiff's claim for underinsured motorist benefits places in excess of $75,000 in controversy (*i.e.* $375,000).

11.    In addition to her claim for underinsured motorist benefits under the Policy, Plaintiff also purports to assert a claim for punitive damages.[1] The Complaint asserts USAA CIC failed to conduct a good faith investigation of Plaintiff's claim; that USAA CIC's  alleged breach of the insurance contract was accompanied by an "intentional wrong"—including "abusive" and "intentional conduct designed to wrongfully deprive [Plaintiff] of her contractual right to just and complete compensation"; and that this conduct constitutes "an independent tort entitling [Plaintiff] to an award of punitive damages" in the amount of $1,500,000.00 Compl. p. 5.

12.    Thus, Plaintiff's claims for underinsured motorist benefits and punitive damages collectively place at least $1,875,000.00 "in controversy" in this action ($375,000 + $1,500,000).

---

[1] A demand for punitive damages is, of course, included in the determination of the amount in controversy. *See, e.g., Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) ("A court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [the amount in controversy]. Accordingly, we hold that the face of the complaint supports the assertion of federal jurisprudence."); *see also Smith v. Assocs. Cap. Bank*, No. CIV.A.1:99CV301-P-A, 1999 WL 33537131, at *7 (N.D. Miss. Dec. 6, 1999) (stating that "the Plaintiffs' inclusion of a claim for punitive damages in their original complaint compels the conclusion . . . that the Plaintiffs' claim for punitive damages alone exceeds the requisite amount in controversy.").

Because the fact of Plaintiff's Complaint quantifies at least $1,875,000.00 in alleged compensatory and punitive damages—a sum greatly exceeding the jurisdictional minimum of $75,000.00—the amount in controversy is satisfied under 28 U.S.C. § 1332(a)(1).

## ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

13.     USAA CIC is the only named defendant in this action. *See generally* Ex. A, Compl. As a result, all properly joined and served defendants consent to this Notice of Removal. 28 U.S.C. 1446(b)(2)(A).

14.     In accordance with 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will be promptly served on Plaintiff's counsel and filed with the Clerk of Court for the Circuit Court of Harrison County, Mississippi.

15.     USAA CIC has sought no similar relief with respect to this matter.

16.     The allegations in this Notice of Removal are true and correct. This cause is within the jurisdiction of the United States District Court for the Southern District of Mississippi, and this cause is removable to the United States District Court for the Southern District of Mississippi, Southern Division.

17.     Should any questions arise about the propriety of the removal of this action, USAA CIC  respectfully requests the opportunity to submit a brief, present oral argument, and/or conduct jurisdictional discovery in support of its position that this action is removable.

## CONCLUSION

USAA CIC hereby gives notice that this action has been removed from the Circuit Court of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division, Gulfport, being the district and division for the county in which

the State Court Action is pending. USAA CIC requests that this action proceed as properly removed to this Court.

      Date: February 8, 2023

                            Respectfully submitted by,

                            /s/ *Michael Mulvaney*
                            Michael Mulvaney (MSB#100750)
                            MAYNARD COOPER & GALE, P.C.
                            1901 Sixth Avenue North, Suite 1700
                            Birmingham, AL 35203-2618
                            Telephone: (205) 254-1000
                            Facsimile:  (205) 254-1999
                            Mmulvaney@maynardcooper.com

                            *Attorney for Defendant USAA Casualty Insurance Company*

06720392.2

7

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice of Removal was served on the following counsel of record via electronic mail and by placing an original of the same in the United States Mail, first-class postage prepaid and properly addressed, this 8th day of February, 2023:

Joe Sam Owen, MSB # 3965
Mitchell Owen, MSB #103895
OWEN & OWEN, PLLC
P.O. Drawer 420
Gulfport, MS 39502
Telephone: (228) 868-2821
Facsimile: (228) 864-6421
E-mail: jso@owen-owen.com
E-mail: mlo@owen-owen.com

*Attorneys for Plaintiff Lainey H. Aschenbach*

/s/ *Michael Mulvaney*
OF COUNSEL

06720392.2                                       8